# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY,**<br>**as subrogee of THE PHILADELPHIA**<br>**PARKING AUTHORITY** | : | |
| Plaintiff, | : | **CIVIL ACTION No.** |
| | : | |
| **v.** | : | **2:06-CV-05597-MK** |
| | : | |
| **ROBERTS OXYGEN COMPANY, INC.** | : | |
| | : | |
| **and** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **INERGY PROPANE, LLC**<br>**d/b/a DIRECT PROPANE** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| **ACADEMIC PROPERTIES, INC.** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION No.** |
| | : | |
| **v.** | : | **2:07-CV-146-MK** |
| | : | |
| **ROBERTS OXYGEN COMPANY, INC., et al.** | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2007 upon consideration of

Plaintiff, Academic Properties, Inc.'s Motion to Strike Defendant Roberts Oxygen Company,

Inc.'s Expert Designation of Rapperport Associates, Inc., it is hereby ORDERED and

DECREED that Plaintiff's Motion is GRANTED, and Defendant is precluded from offering the

testimony of Rapperport Associates, Inc. at the time of trial.

BY THE COURT:

_____

J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY,** | : | |
| **as subrogee of THE PHILADELPHIA** | : | |
| **PARKING AUTHORITY** | : | **CIVIL ACTION No.** |
| | : | |
| | : | **2:06-CV-05597-MK** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERTS OXYGEN COMPANY, INC.** | : | |
| | : | |
| **and** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **INERGY PROPANE, LLC** | : | |
| **d/b/aDIRECT PROPANE** | : | |
| | : | |
| **Defendants.** | : | |

---

| | | |
|---|---|---|
| **ACADEMIC PROPERTIES, INC.** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION No.** |
| | : | |
| | : | **2:07-CV-146-MK** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERTS OXYGEN COMPANY, INC.,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

**PLAINTIFF, ACADEMIC PROPERTIES, INC.'S MOTION TO STRIKE
THE EXPERT DESIGNATION OF RAPPERPORT ASSOCIATES, INC.
FILED BY DEFENDANT, ROBERTS OXYGEN COMPANY, INC.**

Plaintiff, Academic Properties, Inc. (hereinafter "API"), by and through its attorneys,

Rogut McCarthy Troy LLC, files the following Motion to Strike the Expert Designation of

Rapperport Associates, Inc. on behalf of Defendant, Roberts Oxygen Company, Inc. (hereinafter "Roberts Oxygen"). In support thereof, Plaintiff avers as follows:

**I.**     **INTRODUCTION**

Plaintiff, API, files this Motion in order to avoid undue prejudice at trial based on Defendant Roberts Oxygen's failure to disclose an expert report regarding the origin and cause of the explosion and fire of January 22, 2005. The basis of this Motion is Roberts Oxygen's failure to disclose an expert report regarding origin and cause in compliance with this Honorable Court's Scheduling Order of January 16, 2007 and the Federal Rules of Evidence.

**II.**     **FACTUAL BACKGROUND**

1.     API owns, among other things, the commercial building located at 3101 Market Street, Philadelphia, PA (hereinafter referred to as the "Property").

2.     On March 15, 1997, API leased the Property to the Philadelphia Parking Authority ("PPA").

3.     The lease agreement permitted the PPA to make improvements to the demised Property.

4.     In order to facilitate the improvements, the PPA retained Quinn Construction ("Quinn") as the general contractor for certain renovations the PPA was making to the Property.

5.     During the renovation process the PPA and/or Quinn Construction utilized one-hundred pound, portable propane-fueled heaters to supply heat to portions of the Property that were being renovated.

6.     Roberts Oxygen owned and supplied the propane cylinders to the PPA and/or Quinn for use with the portable heaters during the renovations.

7.     Direct Propane contracted with Roberts Oxygen to fill its propane cylinders with propane and supply them to its customers.

8.     On January 22, 2005, one of the propane cylinders, owned by Roberts Oxygen and supplied to the PPA and/or Quinn, exploded and caused a fire.

9.     The explosion and ensuing fire damaged a substantial portion of the roof and exterior support wall of API's Property.

10.    Various other areas of API's Property sustained smoke and water damage as a result of the propane cylinder explosion and subsequent fire.

11.    On January 12, 2007, Plaintiff, API, filed its Complaint in this action for damages which resulted from the explosion and fire of January 22, 2005.

12.    On February 9, 2007, Defendant Roberts Oxygen filed its Answer and Crossclaim to Plaintiff's Complaint.

13.    This Court's January 16, 2007 Scheduling Order set the deadline for submission of expert reports by all parties as March 16, 2007. (A copy of the Court's January 16, 2007 scheduling order is attached hereto as Exhibit "A".)

14.    On March 16, 2007, counsel for Defendant Roberts Oxygen emailed all counsel advising that his client was designating Jim Peterson as its liability expert and that "More time and discovery is needed before my accountants can finalize their report." (A copy of Mr. Connolly's March 16, 2007 email regarding same is attached hereto as Exhibit "B".)

15.    Roberts Oxygen did not even file its Expert Designation with the Court until Monday, March 19, 2007 as indicated by Court's Notice of Electronic Filing. (A copy of the Court's Notice of Electronic Filing is attached hereto as Exhibit "C".)

16.     The Designation of Expert Witnesses of Defendant Roberts Oxygen included two additional experts which were not disclosed by Roberts Oxygen on March 16, 2007.  Those two additional experts were Rapperport Associates, Inc. (for cause and origin) and Lawrence Priebe of Roberts Oxygen. Moreover, Roberts Oxygen failed to produce curriculum vitae for either expert.

17.     Nowhere in counsel's March 16, 2007 email does he indicate that he was designating an origin and cause expert.

18.     The Designation of Expert Witnesses of Defendant Roberts Oxygen states "Rapperport Associates, Inc. is reviewing the plaintiffs' claims of cause and origin of the explosion and may offer opinions in rebuttal of same.  Insofar as the plaintiffs' expert evidence concerning cause and origin has only been recently provided, a report from Rapperport Associates has not been completed."

19.     Roberts Oxygen was placed on notice of this loss on January 22, 2005, the date of the explosion and fire.

20.     Roberts Oxygen has had ample time to investigate this loss and retain an origin and cause expert to assist with same.

21.     As indicated in its Designation, Roberts Oxygen is simply trying to gain an unfair advantage over Plaintiff by submitting an origin and cause report after its expert has had an opportunity to review and consider Plaintiff's origin and cause report.

22.     Pursuant to this Honorable Court's Scheduling Order, the deadline for filing expert reports has passed.

23.     Additionally, pursuant to F.R.E. 403, evidence may be excluded, even if relevant, if its probative value is outweighed by unfair prejudice, confusion of issues and misleading the jury.

24.     Allowing Roberts Oxygen to ignore the Court's March 16, 2007 deadline and submit an origin and cause report after it has had an opportunity to review and consider the origin and cause reports submitted by API and its co-plaintiff Federal Insurance Company will unfairly prejudice the Plaintiffs and violate F.R.E. 403.

25.     API respectfully requests that this Court strike the Designation of Rapperport Associates, Inc. as an expert in this matter.

WHEREFORE, Plaintiff, Academic Properties, Inc., moves for the entry of the attached Order striking Defendant, Roberts Oxygen Company, Inc.'s Expert Designation of Rapperport Associates, Inc. in this matter.

ROGUT McCARTHY TROY LLC

BY:     _____
        Michael J. Alivernini, Esquire
        100 West Elm Street, Suite 400
        Conshohocken, PA 19428
        Telephone (610) 644-5900
        Fax        (610) 834-9499
        mja@rmtllc.com

        Attorney for Plaintiff,
        Academic Properties, Inc.

## CERTIFICATE OF SERVICE

I, Michael J. Alivernini, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike Defendant Roberts Oxygen Company, Inc.'s Expert Designation of Rapperport Associates, Inc. was served on the following counsel of record via electronically on the 20th day of March, 2007:

Andrew J. Connolly, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
aconnolly@postschell.com
*Attorney for Defendant, Roberts Oxygen*
*Company, Inc.*

W. Thomas McBride, Esquire
Mayfield, Turner, O'Mara, Donnelly &
McBride, PC
1617 J.F.K. Boulevard, Suite 932
Philadelphia, PA 19103
tmcbride@mayfieldturner.com
*Attorney for Defendant, Inergy Propane, LLC*
*d/b/a Direct Propane*

Thomas H. Davis, Esquire
Stinson Morrison Heck, LLP
1201 Walnut - Suite 2900
Kansas City, MO 64106-2150
thdavis@stinsonmoheck.com
*Attorney for Defendant, Inergy Propane, LLC*
*d/b/a Direct Propane*

Paul R. Bartolacci, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
pbartolacci@cozen.com
*Attorney for Plaintiff, Federal Insurance*
*Company*

ROGUT McCARTHY TROY LLC

Dated: March 20, 2007

By: _____
       Michael J. Alivernini, Esquire
       100 West Elm Street, Suite 400
       Conshohocken, PA 19428
       (610) 644-5900
       (610) 834-9499 (Facsimile)
       Attorney for Plaintiff,
       Academic Properties, Inc.

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACADEMIC PROPERTIES, INC.,** Plaintiff, <br><br> v. <br><br> **ROBERTS OXYGEN COMPANY, INC., et al.,** Defendants. | **CIVIL ACTION NO. 07-146** |

## O R D E R

**AND NOW,** this 16th day of January, 2007, it is **ORDERED** as follows:

1. <u>SERVICE</u>. **COUNSEL FOR PLAINTIFF SHALL SERVE A COPY OF THIS ORDER UPON COUNSEL FOR THE DEFENDANT AS SOON AS THE IDENTITY OF COUNSEL IS LEARNED.** Service of the Complaint shall be completed so as not to delay the implementation of this Order.

2. <u>PRETRIAL CONFERENCE</u>. A pretrial conference in the above captioned case will be held on **March 21, 2007**, at 9:30 A.M., before JUDGE MARVIN KATZ, in Chambers, Room 13613, U.S. Courthouse, 601 Market Street, Philadelphia, PA. The conference shall be attended by trial counsel prepared and authorized to discuss all legal issues, trial matters and settlement.

In order to have a useful pretrial conference, as well as just, speedy, and inexpensive determination of the action, plaintiff(s) and defendant(s) shall exchange on a mutually agreed time and date at least five days before the conference:

(a)   Copies of all material documents under their control;

(b)   The names and addresses of all persons believed to have material information and a summary of that information;

(c)   Statements informing the opposing party of the material information possessed by persons under its control, such as the individual parties and their managing agents;

(d)   Witness statements, subject to an articulated, specific claim under the work product and privilege rules, containing a description of the subject matter of the claim.  Counsel are encouraged to agree on joint telephone interviews of significant witnesses before the pretrial conference;

(e)   Expert reports.  With respect to any witnesses expected to give expert testimony at trial the following shall be served:

i. written report prepared and signed by the expert containing a complete statement of all opinions to be expressed and the basis and reasons therefore;

2

ii. the data or other information considered by the witness in

forming the opinions;

iii. any exhibits to be used as support for the opinions;

iv. the qualifications of the witness, including a list of

publications authored by the witness within the preceding ten

years;

v. the compensation arranged for the study and testimony; and

vi. a listing of any other cases in which the witness has testified as

an expert at trial or by deposition within the preceding four years.

3.   SETTLEMENT.  Representatives of the parties with authority to

bind them in settlement shall attend the pretrial conference.  The parties shall be

reasonably available by telephone in order to discuss possible settlement of the

dispute.

4.   DISCOVERY CUTOFF.  Discovery shall be completed by

**March 22, 2007.**  Any amendments to the pleadings, joinder of additional parties, or

motions shall be undertaken and concluded so as not to delay the completion of

discovery by the specified date.

5.   SUMMARY JUDGMENT MOTIONS AND MOTIONS IN

LIMINE.  Any motions for summary judgment or motions in limine shall be filed

3

within ten days, including weekends and holidays, from the end of the discovery period.

Upon any motion for summary judgment pursuant to Fed. R Civ. P. 56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party may be taken by the court as admitted unless controverted by the opposing party.

6.   <u>PLAINTIFF'S PRETRIAL MEMORANDUM</u>.  The plaintiff's pretrial memorandum under Local Rule 16.1(c) shall be filed within ten days, including weekends and holidays, of the end of the discovery period.  The plaintiff shall file one copy of record and deliver two courtesy copies to chambers.

4

7.   <u>DEFENDANT'S PRETRIAL MEMORANDUM</u>.  The defendant's

pretrial memorandum under Local Rule 16.1(c) shall be filed within twenty days,

including weekends and holidays, of the end of the discovery period.  The defendant

shall file one copy of record and deliver two courtesy copies to chambers.

8.   <u>TRIAL BRIEFS</u>.  The parties shall file one copy of record and

submit two courtesy copies of trial briefs covering legal issues likely to arise at trial.

Trial briefs shall be filed with the respective pretrial memoranda.

9.   <u>POINTS FOR CHARGE AND JOINT JURY QUESTIONS</u>.

Parties in jury trials shall file one copy of record and submit three courtesy copies of

proposed, numbered points for charge, including authorities with precise, pinpoint

page citations.  The parties shall file these papers with their respective pretrial

memoranda.  In addition, counsel shall submit a jointly prepared proposed verdict

sheet.  To the extent counsel cannot agree as to content, counsel shall submit

alternative drafts.  The submission shall not be a waiver of contentions that there is

insufficient evidence to submit such issues to the jury. In drafting the jury questions

for the proposed verdict sheet, counsel are to bear in mind that the key is simplicity

in wording and organization so that the final draft contains the fewest number of

questions necessary for a verdict.  The parties shall file one copy of record and two

courtesy copies of the jointly prepared proposed verdict sheet within twenty days, including weekends and holidays, of the end of the discovery period.

10.   FINDINGS OF FACT AND CONCLUSIONS OF LAW.  Parties in nonjury trials shall file one copy of record and submit three courtesy copies of proposed findings of fact and conclusions of law, including authorities with precise, pinpoint page citations.  The parties shall file these papers with their respective pretrial memoranda.

11.   COMPUTER DISKS.  In addition to their written submissions, if possible, the parties are requested to submit their proposed points for charge or proposed findings of fact and conclusions of law on a WordPerfect compatible computer disk.

12.   UNCONTESTED FACTS.  The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts in accordance with the procedure set forth in Local Rule of Civil Procedure 16.1(d)(2)(b)(2).  The parties shall file one copy of record and submit three courtesy copies of the jointly prepared stipulation of uncontested facts within twenty days, including weekends and holidays, of the end of the discovery period.

13.   TRIAL EXHIBITS.  All trial exhibits shall be marked and exchanged by the time discovery is to be completed.

14.   <u>TRIAL POOL</u>.  The case shall be placed in the trial pool on **<u>April 26, 2007</u>**, to be called for trial upon 24 hours telephone notice.  Any and all motions should be filed so as not to delay the trial.

15.   <u>TRIAL PROCEDURE</u>.  The following should guide counsel at trial:

a)   Counsel are expected to select a jury promptly without arguing the case to the panel.

b)   In general, the court discourages side bar conferences because they are usually unnecessary. If counsel feel that a side bar is absolutely necessary, they shall state the side bar general purpose so that the court may decide whether one is in fact necessary.

c)   It is not necessary to ask permission to approach a witness.

d)   Counsel are expected to have their witnesses available, either in the courtroom or in the witness room located outside the courtroom.  Please instruct your witnesses to speak slowly, distinctly and loud enough for all to hear. Examinations should be limited to direct, cross and re-direct unless there are exceptional circumstances.

e)   Counsel should use the podium for opening and closing

statements.

f)   Counsel should move all exhibits in a clear voice, identifying

each by name and/or number.  If there is no objection, exhibits are

automatically admitted.

g)   Counsel are expected to edit trial depositions to remove

superfluous material.

h)   Counsel shall submit Rule 50 motions in writing.

i)   At the close of trial, exhibits are released to the custody of the

party who offered them and should be picked up within 24 hours.


**BY THE COURT:**

/s/ Marvin Katz

_____

**MARVIN KATZ, S.J.**

# EXHIBIT "B"

## Joseph A. Juliana

| | |
|---|---|
| **From:** | Connolly, Andrew [aconnolly@postschell.com] |
| **Sent:** | Friday, March 16, 2007 5:26 PM |
| **To:** | Michael J. Alivernini; Bartolacci, Paul; Davis, Thomas |
| **Cc:** | JAMES P. KEAVENEY ; tmcbride@mayfieldturner.com; Joseph A. Juliana |
| **Subject:** | RE: ACADEMIC PROPERTIES, INC. v. ROBERTS OXYGEN COMPANY, INC., et al.; Civil Action 07-cv-00146 ( |
| **Attachments:** | Petersen opinion.pdf |

Gentlemen - enclosed please find Roberts Oxygen's Expert Disclosure for Jim Peterson.  More time and discovery is needed before my accountants can finalize their report.

Best regards,

Andy

This message is from the law firm Post & Schell, P.C. .  This message and any attachments may contain legally privileged or confidential information, and are intended only for the individual or entity identified above as the addressee.  If you are not the addressee, or if this message has been addressed to you in error, you are not authorized to read, copy, or distribute this message and any attachments, and we ask that you please delete this message and attachments (including all copies) and notify the sender by return e-mail or by phone at 215-587-1000. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or a privilege.  All personal messages express views only of the sender, which are not to be attributed to Post & Schell, P.C., and may not be copied or distributed without this statement.

# EXHIBIT "C"

## Michael J. Alivernini

**From:** ecf_paed@paed.uscourts.gov
**Sent:** Monday, March 19, 2007 3:42 PM
**To:** paedmail@paed.uscourts.gov
**Subject:** Activity in Case 2:06-cv-05597-MK FEDERAL INSURANCE COMPANY v. ROBERTS OXYGEN COMPANY, INC. et al Witness List

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### Eastern District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered by CONNOLLY, ANDREW on 3/19/2007 at 3:42 PM EDT and filed on 3/19/2007

| | |
|---|---|
| **Case Name:** | FEDERAL INSURANCE COMPANY v. ROBERTS OXYGEN COMPANY, INC. et al |
| **Case Number:** | 2:06-cv-5597 |
| **Filer:** | ROBERTS OXYGEN COMPANY, INC. |
| **Document Number:** | 31 |

**Docket Text:**
Witness List by ROBERTS OXYGEN COMPANY, INC.. (CONNOLLY, ANDREW)

**2:06-cv-5597 Notice has been electronically mailed to:**

MICHAEL JOHN ALIVERNINI     mja@rmtllc.com, pm@rmtllc.com, tlt@rmtllc.com

PAUL R. BARTOLACCI     pbartolacci@cozen.com

ANDREW J. CONNOLLY     aconnolly@postschell.com, aconnolly@postschell.com, kmcmenamin@postschell.com, ppakuris@postschell.com

THOMAS H. DAVIS     tdavis@stinson.com, abaker@stinson.com, lway@stinson.com

STEVEN G. EMERSON     semerson@stinson.com, abaker@stinson.com, lway@stinson.com

JAMES P. KEAVENEY     jkeaveney@crawshawmayfield.com

JONATHAN R. MACBRIDE     jrm@rmtllc.com, pm@rmtllc.com, tlt@rmtllc.com

W. THOMAS MCBRIDE      tmcbride@crawshawmayfield.com, acleghorn@crawshawmayfield.com, jkeaveney@crawshawmayfield.com, kkeller@crawshawmayfield.com

MICHAEL SCHAFLE     mschafle@postschell.com, kmcmenamin@postschell.com

**2:06-cv-5597 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=3/19/2007] [FileNumber=2629974-0
] [57380b218f1e2c2caa96edc0055e1e27917ca6e54fa4ede612c390536229d4745d4
8747bad88e570eddff310222d8f3b619213633428e973acc29705bff35ed2]]