UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, AS SUBROGEE OF THE PHILADLEPHIA PARKING AUTHORITY<br>PLAINTIFF,<br><br>V.<br>ROBERTS OXYGEN COMPANY, INC. AND INERGY PROPANE, LLC, D/B/A DIRECT PROPANE | Civil Action No.<br>2:06-cv-05597 MK |

### DEFENDANT, ROBERTS OXYGEN COMPANY, INC.'S, MOTION FOR SUMMARY JUDGMENT

Defendant, Roberts Oxygen Company, Inc. (hereinafter "Roberts"), by and through its counsel, Post & Schell, P.C., hereby submits the instant Motion for Summary Judgment on all claims and seeks dismissal of the Complaint and all Cross-Claims pending against it. This Motion is submitted with the permission of the Court, and, in support thereof, avers as follows:

1. The Complaint in the above referenced matter demands recovery for property damage that allegedly resulted from an explosion and subsequent fire that took place at the 3101 Market Street in Philadelphia, PA premises ("Premises") on January 22, 2005.

2. Academic Properties, Inc. ("Academic"), the owner of the premises, had entered into a lease with Philadelphia Parking Authority ("Authority") for the building in question.

3. Federal Insurance Company ("Federal") has settled the first-party property insurance claims of the Authority and has brought the Complaint as Subrogee of the Authority.

4. It is undisputed that the Authority employed O'Donnell & Naccarato, Inc. and Quinn Construction to perform certain renovations on the premises and said renovations were in progress at the time of the explosion and fire

1

5.   It is undisputed that the Authority contracted with O'Donnell & Naccarato (hereinafter "O & N") for construction management services.

6.   It is undisputed that the Authority contracted with Quinn Construction (hereinafter "Quinn") for contractor services. The Agreement between Quinn and the Authority provides in pertinent part:

> 15.5 Owner, the Commonwealth of Pennsylvania, City of Philadelphia, the Designers, Consultants, Construction Manager, Contractors and Subcontractors waive all rights against each other and against each of their agents and employees for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to Owner's "All Risk; Builders Risk Insurance or any other property insurance applicable to the Work.

See Exhibit "A"

7.   It is undisputed that the Authority identified itself and acted as the "Owner" for the purposes of the contract between the Authority and Quinn.

8.   Quinn contracted with Roberts Roberts as a subcontractor and/or agent to supply liquid propane gas ("LPG") in the form of 100 lb. propane cylinders for the work being performed at the premises for an internal heating source.

9.   It is undisputed that Roberts employees delivered 100 lb. propane cylinders to the premises pursuant to its subcontract with Quinn. Said cylinders always came from Roberts' Collingdale, PA, facility. See Testimony of Richard Lynch attached hereto as "Exhibit B;" see also Invoices between Quinn and Roberts attached hereto as "Exhibit C."

10.  Roberts had a contract with Inergy Propane, LLC d/b/a Direct Propane ("Direct Propane") to fill all 100 lb. propane cylinders at Roberts' Collingdale facility.

2

11. It is undisputed that the plaintiff herein claims that the explosion originated at the base of a 100 lb cylinder supplied by Roberts which plaintiff claims was improperly filled by Direct Propane and delivered to the premises by either Quinn or Roberts.

12. The claims asserted by Federal as subrogee of the Authority arise under the contract between the Authority and Quinn; thus, said claims are subject to the Waiver of Subrogation Clause in the contract between the Authority and Quinn.

13. Based on the waiver of subrogation clause, Roberts, a subcontractor and agent of Quinn, is protected from suit by the Authority, which is listed as the owner in the Quinn Contract. Since Federal stands in the shoes of the Authority as subrogee, it is also precluded from bringing an action against Roberts.

14. Insofar as Roberts cannot be found liable to plaintiffs due to the waiver of subrogation clause, it cannot be held jointly and severally liable for contribution as asserted by Direct Propane in its Cross-Claim.

WHEREFORE, Roberts Oxygen, Inc. respectfully requests the Court to deny O'Donnell and Naccarato's Motion for Summary Judgment with prejudice.

Respectfully submitted,

**POST & SCHELL, P.C.**

By: _____
**ANDREW J. CONNOLLY, ESQUIRE (ID # 60086)
JAMES J. QUINLAN (ID # 200944)
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Attorneys for Defendant
Roberts Oxygen Company, Inc.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, AS SUBROGEE OF THE PHILADLEPHIA PARKING AUTHORITY<br>PLAINTIFF,<br><br>V.<br><br>ROBERTS OXYGEN COMPANY, INC. AND INERGY PROPANE, LLC, D/B/A DIRECT PROPANE | Civil Action No. 2:06-cv-05597 MK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, ROBERTS OXYGEN COMPANY, INC., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Roberts Oxygen Company, Inc. ("Roberts"), by and through its counsel, Post & Schell, P.C., hereby submits the instant Memorandum of Law in support of its Motion for Summary Judgment on all claims against it, and, in support thereof, avers as follows:

**I.    FACTUAL BACKGROUND**

The Complaint in the above referenced matter demands recovery for property damage that allegedly resulted from an explosion and subsequent fire that took place at the 3101 Market Street in Philadelphia, PA premises ("Premises") on January 22, 2005. Through discovery evidence has been produced which suggests that the Philadelphia Parking Authority ("Authority") and O'Donnell and Naccarato ("O & N") determined that an internal heating source was needed for the premises due to winter temperature to prevent pipes from freezing and bursting. As such, the Authority and O & N directed Quinn Construction ("Quinn") to secure propane tanks for heat. Quinn entered into a contract with Roberts to supply said propane cylinders. Roberts had a pre-existing agreement with Direct Propane whereby Direct Propane was responsible for coming to Roberts' Collingdale Site, inspecting all empty 100 lb. propane

cylinders, certifying their viability under the applicable fire codes and filling the cylinders with propane. Roberts, pursuant to its contract with Quinn, would either deliver or make propane cylinders available for Quinn to pick up. Roberts would assist Quinn in loading Quinn's truck during the instances when Quinn picked up the propane. Once the propane cylinders were at the premises, the Authority and O & N would direct Quinn where to place and utilize the cylinders. On the night in question, a cylinder, which was negligently filled and certified by Direct Propane despite its physical deterioration, was stored inside the premises at the direction of the Authority and O & N by Quinn in direct violation of the Philadelphia Fire Code. Said cylinder exploded causing damage to the premises.

As identified in the accompanying motion, the following undisputed facts serve as a foundation for Roberts' contention that it is entitled to summary judgment:

> 1. The Complaint in the above referenced matter demands recovery for property damage that allegedly resulted from an explosion and subsequent fire that took place at the 3101 Market Street in Philadelphia, PA premises ("Premises") on January 22, 2005.
>
> 2. Academic Properties, Inc.is the owner of the premises leased the premises to the Philadelphia Parking Authority ("Authority").
>
> 3. Federal Insurance Company ("Federal") has settled the claims of the Authority and has brought the Complaint as Subrogee of the Authority.
>
> 4. It is undisputed that the Authority employed O'Donnell & Naccarato, Inc. and Quinn Construction to perform certain renovations on the premises and said renovations were in progress at the time of the explosion and fire
>
> 5. It is undisputed that the Authority contracted with O'Donnell & Naccarato (hereinafter "O & N") for construction management services.
>
> 6. It is undisputed that the Authority contracted with Quinn Construction (hereinafter "Quinn") for contractor services. The Agreement between Quinn and the Authority provides in pertinent part:

> 15.5 Owner, the Commonwealth of Pennsylvania, City of Philadelphia, the Designers, Consultants, Construction Manager, Contractors and Subcontractors waive all rights against each other and against each of their agents and employees for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to Owner's "All Risk; Builders Risk Insurance or any other property insurance applicable to the Work.

See Exhibit "A"

7.   It is undisputed that the Authority identified itself and acted as the "Owner" for the purposes of the contract between the Authority and Quinn.

8.   Quinn contracted with Roberts as a subcontractor and/or agent to supply liquid propane gas ("LPG") in the form of 100 lb. propane cylinders for the work being performed at the premises for an internal heating source.

9.   It is undisputed that Roberts employees delivered 100 lb. propane cylinders to the premises pursuant to its subcontract with Quinn. Said cylinders always came from Roberts' Collingdale, PA, facility. See Testimony of Richard Lynch attached hereto as "Exhibit B;" see also Invoices between Quinn and Roberts attached hereto as "Exhibit C."

10.  Roberts had a contract with Inergy Propane, LLC d/b/a Direct Propane ("Direct Propane") to fill all 100 lb. propane cylinders at Roberts' Collingdale facility.

11.  It is undisputed that the plaintiff herein claims that the explosion originated at the base of a 100 lb cylinder supplied by Roberts which plaintiff claims was improperly filled by Direct Propane and delivered to the premises by either Quinn or Roberts.

As is more fully set forth below, the claims asserted by Federal as subrogee of the Authority arise under the contract between the Authority and Quinn. As a result, the claims of the Authority herein are subject to the Waiver of Subrogation Clause in the contract between the Authority and Quinn. Based on the waiver of subrogation clause, Roberts, a subcontractor and agent of Quinn, is protected from suit by the Authority, which is listed as the owner in the Quinn Contract. Since Federal stands in the shoes of the Authority as subrogee, it is also precluded

from bringing an action against Roberts. Insofar as Roberts cannot be found liable to plaintiffs due to the waiver of subrogation clause, it cannot be held jointly and severally liable for contribution as asserted by Direct Propane in its Cross-Claim.

## II.   LEGAL DISCUSSION

### A.   Standard of Review

The Federal Rules of Civil Procedure provide that a party is entitled to summary judgment, [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A fact is deemed material if it might effect the outcome of the lawsuit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Additionally, a dispute over a material fact must be "genuine." *See Id.* Instantly, there are no material issues of fact, and this matter is ripe for summary judgment.

When a moving party has met its burden under Rule 56, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must then "present affirmative evidence in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989). Summary judgment must be entered in favor of the moving party "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita*, 475 U.S. at 586-87.

The non-moving party must "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992). Thus, in this case, the Moving Defendant is entitled to Summary Judgment if Plaintiff fails to make a showing sufficient to establish the existence of an element essential to its position and on which it will bear the burden at trial. *Celotex*, 477 U.S. at 324 (1986). Moreover, Plaintiff must produce evidence to support its position and may not rest on conclusory allegations or bare assertions. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).

B. **ARGUMENT**

    1. **Plaintiff's Complaint against Roberts is Precluded based a Waiver of Subrogation Clause in the Quinn Construction Contract.**

Waiver of subrogation claims are regularly enforced under Pennsylvania law. *See Universal Underwriters v. Watson's Chevrolet Oldsmoblie*, 916 A.2d, 6868, 693 (Pa. Super 2007); *see also Penn Avenue Place Association, LP v. Central Steel Erectors, Inc.*, 98 A.2d 256, 260 (Pa. Super. 2002) *appeal denied* 572 Pa. 707 (2002). Specifically, in that case, Penn Avenue appealed from a decision granting Century Steel's preliminary objections and dismissing Penn Avenue's complaint. The impetus of the action was a fire at property owned by Penn Avenue which occurred during renovations. Century Steel subcontracted with the general contract on the job to perform demolition work. During the demolition work, sparks from welding being performed by Century ignited a flammable liquid, which damaged the building. Penn Avenue and its subrogee sought damages from Century; however Century filed Preliminary Objections based on the waiver of subrogation clause in the contract. The Court found that the waiver of

subrogation clause was valid and protected subcontractor Century from an action by the owner and subrogee.

Here, the facts are similar in that, the Authority and Quinn entered into a contract, which contained a subrogation clause. Said clause specifically stated,

> **Owner**, the Commonwealth of Pennsylvania, City of Philadelphia, the Designers, Consultants, Construction Manager, Contractors and **Subcontractors** waive all rights against each other and against each of their agents and employees for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to Owner's "All Risk; Builders Risk Insurance or any other property insurance applicable to the Work.

At some point, Quinn, the Contractor for the Authority, subcontracted with Roberts to provide propane cylinders. As such, it is undeniable that the actions of Roberts as Quinn's subcontractor fall under the waiver of subrogation clause in Quinn's contract with the authority. Thus, the owner, the Philadelphia Parking Authority, and its subrogee, Federal, are precluded under Pennsylvania law from asserting a claim against Roberts as said claim has been waived by the Authority (and its subrogee) by contract with Quinn.

Based on the forgoing, it is clear that Roberts' actions in this matter were taken pursuant to its subcontract with Quinn Construction, the Contractor on this job. Pursuant to the waiver of subrogation in the contract between the Authority and Quinn, the Authority has waived its right to bring any claims against Quinn and its subcontractors. Thus, Summary Judgment is appropriate and the Plaintiff's Complaint should be dismissed with prejudice against Roberts.[1]

---

[1] Roberts has located an unreported decision which *arguably* could be deemed contrary authority in *Federal Insurance Co. v. Richard Rubin & Co., Inc.*, 1993 U.S. Dist. Lexis 16191 at p. 5 (E.D.Pa 1993). The *Federal Insurance* case involved an attempt by the owners and managers of property affected by the One Meridian fire to use the waiver of subrogation clauses contained in their leases to defeat certain claims of negligence brought by the tenants of the affected properties. The Honorable Ronald L. Buckwalter suggested in dicta that the waiver of

2. **Direct Propane's Cross-Claim against Roberts is Precluded based a Waiver of Subrogation Clause in the Quinn Construction Contract.**

Direct Propane is a co-defendant in this matter. Federal alleges that Direct Propane was negligent in its role as a propane supplier because it refilled and certified a deteriorating propane take for gas, which eventually exploded at the premises. Direct Propane seeks contribution from Roberts on the basis that Roberts shared in the responsibility of inspecting and certifying the suitability of the propane tank in question and failed in those duties. However, because Plaintiffs cannot bring a direct action against Roberts due to the waiver of subrogation clause in the Quinn contract, Direct Propane cannot obtain contribution from Roberts because Roberts cannot be considered a joint-tortfeasor because it has been relieved of liability.

As previously stated, waiver of subrogation claims are regularly enforced under Pennsylvania law. *See Universal Underwriters*, 916 A.2d at 693. When a party files a Complaint against an alleged tortfeasor for damages and the tortfeasor is protected from the action as a result of a valid waiver of subrogation clause the end result is a dismissal of the action and elimination of the direct claim. See *Penn Avenue Place Association, LP*, 98 A.2d at 260. Under Pennsylvania law, the right to contribution arises only among joint-tortfeasors. *Lasprogata v. Qualls*, 397 A.2d 803, 805 n.2 (Pa. Super. 1979). Joint-tortfeasor are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property, . . ." 42 Pa. Conn. Stat. Ann. § 8322. The parties must either act together in committing the wrong, or their acts if independent of each other, must unit in causing a single injury. *Lasprogata*, 397 A.2d at 805 n.2.. However, one cannot be a joint-tortfeasor if it no common

---

subrogation clauses at issue in that case should not present a bar to the claims of the plaintiffs on public policy grounds. A true and correct copy of this opinion is attached hereto as Exhibit "D."

liability with the other alleged tort feasibility. *See Eagles –Pilcher Industries, Inc. v. United States*, 846 F. 2d 888, 892, n.4 (3rd Cir. 1988); *see also Wilson v. American Honda Motor Co. Inc.*, 693 F. Supp. 228 (M.D. Pa. 1988); *Schiele v. Simpson Safety Equipment Co.*, 1992 U.S. Dist. Lexis 4236 (E.D. Pa. 1992).

In *Schiele*, a plaintiff was injured in an auto race. Prior to the race, plaintiff had signed a contracting waiving the ability to sue his fellow drivers and the race track owner. After the accident, the plaintiff brought an action against the manufacturer of his car based on a defective design claim. *Schiele v. Simpson Safety Equipment Co.*, 1992 U.S. Dist. Lexis 4236 at p.2-4. The manufacturer brought a third party action against the other race car driver involved in the accident. *Id.* In dismissing the third party complaint, Judge Newcomer held that because the third party defendant driver was exculpated from liability from the plaintiff through a contract, the third party plaintiff could not bring an action for contribution for the plaintiff's injuries because no primary liability existed for said injuries. *Id.* at p. 14-15 (stating "To allow a product's manufacturer to file a third-party complaint against a defendant who has secured a valid release would render the release worth less then the paper it's printed on").

Here, a similar result must apply to the claim for contribution by Direct Propane. As established above, Roberts is insulated from direct liability on the plaintiff's claims because plaintiff has waived the right to bring any action against Roberts, the subcontractor of Quinn. Thus, to allow Direct Propane to seek contribution from Roberts would be to subvert the essence of the contract between Quinn and the Authority in which Quinn bargained for a waiver of all claims for it and its subcontractors, including Roberts. As such, Direct Propane's Cross-Claim for contribution against Roberts should be dismissed with prejudice as Roberts has no direct liability in this matter and cannot be deemed a joint-tortfeasor under Pennsylvania law.

## III. <u>CONCLUSION</u>

Applying the foregoing analysis to the instant matter, it is clear that the Plaintiff's Complaint is invalid as a matter of law because the Complaint asserts a claim against Roberts in direct contradiction to the waiver of subrogation clause in plaintiff's contract with Quinn Construction, which includes Quinn's subcontract, Roberts. Furthermore, because Roberts has no direct liability to plaintiff in this matter, Roberts cannot be deemed a joint-tortfeasor with Direct Propane; thus, Direct Propane's claim for contribution must fail and Direct Propane's Cross-Claim against Roberts should be dismissed with Prejudice.

          Respectfully submitted,

          POST & SCHELL, PC

          By: _____
          Andrew J. Connolly, Esquire
          James J. Quinlan, Esquire
          Attorneys for Defendant
          Roberts Oxygen, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, AS SUBROGEE OF THE PHILADLEPHIA PARKING AUTHORITY<br>PLAINTIFF,<br><br>V.<br>ROBERTS OXYGEN COMPANY, INC. AND INERGY PROPANE, LLC, D/B/A DIRECT PROPANE | Civil Action No.<br>2:06-cv-05597 MK |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant, Robert Oxygen Inc.'s, Motion for Summary Judgment, it is hereby ORDERED and DECREED that said Motion is Granted. Plaintiff's Complaint is dismissed with Prejudice.

_____
MARVIN KATZ, J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following this 11th day of September, 2007.

*Federal Insurance Company, as subrogee of Philadelphia Parking Authority*
Paul R. Bartolacci, Esq.
Cozen & O'Connor
1900 Market St.
Philadelphia, PA 19103-3508
215-665-2001
215-701-2001(fax)

*Counsel for O'Donnell & Naccarato*
James M. Prahler, Esquire
Margolis Edelstein
Independence Square West – 4th Floor
6th and Walnut Streets
Philadelphia, PA  19106
Phone: 215-931-5860
Fax:    215-922-1772
jprahler@margolisedelstein.com

*Counsel for Inergy Propane, LLC d/b/a Direct Propane*
Thomas H. Davis, Esq.
Stinson, Morrison, Hecker, L.L.P.
1201 Walnut St.; Suite 2800
Kansas City, MO 64106-2150
816-691-2600         (816) 842-8600  main
816-474-4208(fax)    (816) 691-3495  fax
(816) 691-3439  direct

JAMES J. QUINLAN, ESQUIRE
**Attorney for Roberts Oxygen Company, Inc.**